IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MELISSA M. MITCHELL,
as the Personal Representative
of the Estate of Andrew T. Mitchell,
Deceased                                                                                      PLAINTIFF

v.                              Case No. 6:24-cv-06080

RISER MOTORS, INC.;
CAMERON N. RISER;
and PAUL G. RISER                                                                        DEFENDANTS

**ORDER**

Before the Court is a Motion to Dismiss for Lack of Jurisdiction or in the Alternative for Improper Venue (ECF No. 19) filed by Separate Defendant Cameron N. Riser ("Separate Defendant"). Plaintiff Melissa M. Mitchell, as the Personal Representative of the Estate of Andrew T. Mitchell, deceased, ("Plaintiff") has responded. Separate Defendant replied. (ECF No. 22). Plaintiff filed a sur-reply.[1] (ECF No. 23). The Court finds the matter ripe for consideration.

**I. BACKGROUND**

The Court accepts all well-pleaded allegations in the Complaint (ECF No. 2) as true and construes them in favor of Plaintiff. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). On April 27, 2023, Separate Defendant was operating a 2022 Ford Bronco Sport ("Bronco") in the area of Jackson Avenue and Fraternity Row in Oxford, Mississippi, when Andrew T. Michell was struck by a vehicle while crossing an intersection. Following the incident, Separate Defendant was charged with, and pled guilty to, fleeing the scene of an accident that resulted in a death. When she was later arrested, Separate Defendant was in possession of the Bronco that she had leased

---

[1] The Court notes that Plaintiff did not request permission to file this sur-reply.

from Defendant Riser Motors, Inc. ("Defendant Riser Motors").  Defendant Paul G. Riser ("Defendant Paul") was the President and Owner of Defendant Riser Motors and the father of Separate Defendant.  On June 6, 2024, Plaintiff filed the instant action.  (ECF No. 2).

In the Complaint, Plaintiff alleges that six (6) months before the incident, Separate Defendant and Defendant Paul entered into a lease agreement for the Bronco with Defendant Riser Motors as lessor.  (ECF No. 2, at 3).  Plaintiff also alleges that Defendant Paul and Defendant Riser Motors obtained financing for the lease through the credit arm of Ford Motor Company, which was located in Arkansas.  (ECF No. 2, at 3).  Plaintiff alleges that Defendant Paul and Defendant Riser Motors made payments on the Bronco on behalf of Separate Defendant.  (ECF No. 2, at 3).

Plaintiff alleges that prior to the incident, Separate Defendant had been consuming alcohol. (ECF No. 2, at 15).  Separate Defendant then fled the scene after she was alleged to have struck Andrew T. Mitchell.  (ECF No. 2, at 15).  Plaintiff alleges that Separate Defendant then contacted her father, Defendant Paul, attempting to conceal the incident.  (ECF No. 2, at 15).  Plaintiff alleges that Defendant Paul instructed Separate Defendant to refrain from contacting the authorities so that she would have more time for the alcohol to wear off and so that she could move the Bronco to a location where the damage to the Bronco was not as easily visible.  (ECF No. 2, at 16).  Plaintiff further alleges that Defendant Paul and Separate Defendant worked together to have the Bronco towed to an undisclosed location and to supply Separate Defendant with a new vehicle.  (ECF No. 2, at 16).  Plaintiff alleges that Defendant Paul and Separate Defendant engaged in this conspiracy via voice calls and text messages on the night of the incident to prevent Separate Defendant from being arrested.  (ECF No. 20, at 1).

On July 16, 2024, Separate Defendant filed the instant motion.  (ECF No. 19).  Separate Defendant requests that the Court dismiss the claims against her because of a lack of personal

jurisdiction or in the alternative for improper venue. (ECF No. 19, at 1). Separate Defendant argues that because she is domiciled in Mississippi, the incident occurred in Mississippi, and all the witnesses reside in Mississippi, the Court lacks personal jurisdiction over her.

## II. STANDARD OF REVIEW

"[A] plaintiff must state sufficient facts in the complaint to support a reasonable inference that the defendant can be subjected to jurisdiction within the state." *Dairy Farmers of Am., Inc. v. Bassett & Walker Int'l, Inc.*, 702 F.3d 472, 474 (8th Cir. 2012) (internal citations omitted). A complaint that lacks sufficient facts for a finding of personal jurisdiction is facially deficient. *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1073 (8th Cir. 2004).

In such an instance, a party may move to dismiss claims for lack of jurisdiction over the person. Fed. R. Civ. P. 12(b)(2). To defeat a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a *prima facie* showing of jurisdiction. *Bell Paper Box, Inc. v. U.S. Kids, Inc.*, 22 F.3d 816, 818 (8th Cir. 1994). This showing is tested, not by the complaint alone, but "by the affidavits and exhibits presented with the [motion to dismiss] and in opposition thereto." *Block Indus. v. DHJ Indus., Inc.*, 495 F.2d 256, 260 (8th Cir. 1974). If the Court does not hold a hearing on personal jurisdiction and instead bases its determination on the parties' written submissions, it must view the facts in the light most favorable to the nonmoving party. *Dakota Indus., Inc. v. Dakota Sportswear, Inc.*, 946 F.2d 1384, 1387 (8th Cir. 1991). When conclusory allegations in a complaint are contested and a plaintiff supplies no factual foundation, those conclusory allegations are insufficient to confer personal jurisdiction over a nonresident defendant. *See Dever*, 380 F.3d at 1072-73. Although a plaintiff ultimately bears the burden of proof on the issue, personal jurisdiction need not be proven by a preponderance of the evidence until trial or an evidentiary hearing. *See Dakota Indus., Inc.*, 946 F.2d at 1387.

### III. DISCUSSION

A federal court sitting in diversity may assume jurisdiction over a nonresident defendant to the extent permitted by the forum state's long-arm statute. *See Morris v. Barkbuster, Inc.*, 923 F.2d 1277, 1280 (8th Cir. 1991). Arkansas's long-arm statute provides that: "[t]he courts of this state shall have personal jurisdiction of all persons, and all causes of action or claims for relief, to the maximum extent permitted by the due process of law clause of the Fourteenth Amendment of the United States Constitution." Ark. Code Ann. § 16-4-101(B).

Thus, the question before the Court is whether exercising personal jurisdiction over Separate Defendant is consistent with the due process clause of the Fourteenth Amendment. The Fourteenth Amendment permits the exercise of personal jurisdiction over a nonresident defendant who has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). The defendant's conduct and connection with the state must be such that the defendant should "reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

There are two theories for evaluating minimum contacts: general jurisdiction and specific jurisdiction. *Dever*, 380 F.3d at 1073. Under the theory of general jurisdiction, the Court may hear this case if Separate Defendant has "continuous and systematic" contacts with Arkansas as to render her "essentially at home" in Arkansas, even if the injuries at issue in this lawsuit did not arise out of Separate Defendant's activities directed at Arkansas. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). The standard for general jurisdiction is demanding, as "only a limited set of affiliations with a forum will render a defendant amenable to

all-purpose jurisdiction there." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is . . . the place of incorporation and principal place of business." *Id.* In other words, "[t]o exercise general jurisdiction over a corporation or individual, generally the party in question must be a citizen of the subject jurisdiction." *Henry Law Firm v. Cuker Interactive, LLC*, No. 5:18-cv-5066, 2018 WL 3025959, at *4 (W.D. Ark. June 18, 2018). At this stage of the case, a plaintiff is only required to make a *prima facie* showing of personal jurisdiction and present a reasonable inference that a defendant is subject to personal jurisdiction in this forum. *See McDowell v. United Parcel Serv., Inc.*, No. 4:22-cv-4028, 2022 WL 17543352, at *2 (W.D. Ark. Dec. 8, 2022) (citations omitted). The Court will first evaluate general jurisdiction and proceed to specific jurisdiction if necessary.

Separate Defendant contends that she is a citizen of the State of Mississippi and has been a citizen of Mississippi since graduating from college in 2021. (ECF No. 20, at 6). Plaintiff argues that she has a permanent residence in Oxford, Mississippi. (ECF No. 20, at 6; ECF No. 20-3, at 1). Separate Defendant notes that the investigation by the Oxford Police Department listed her address as Oxford, Mississippi. (ECF No. 20, at 6). Separate Defendant also notes that she was working in Oxford, Mississippi, during the incident, and she stated in an affidavit that she considers Mississippi to be her home and is still employed there. (ECF No. 20, at 6; ECF No. 20-3, at 1).

In response, Plaintiff states that it is undisputed that Separate Defendant was a citizen of Arkansas until 2016 when she left home to attend college at Ole Miss. (ECF No. 21, at 3; ECF No. 20-3, at 1). Plaintiff notes that: (1) Separate Defendant was registered to vote in Arkansas during the 2022 elections and has not registered to vote in Mississippi as of July 24, 2024; (2) Separate Defendant received a speeding ticket on February 28, 2024, that listed an Arkansas

5

address and a driver's license issued by the State of Arkansas; (3) Separate Defendant listed an Arkansas address on the Bronco lease agreement; (4) Separate Defendant had a website promoting her work as a "copywriter" based in Austin, Texas; and (5) Separate Defendant's resume—updated to May 2024—listed her as having a zip code in Austin, Texas.[2] (ECF No. 21, at 4-5). Plaintiff argues that the provided facts should be enough to undercut Separate Defendant's claim that she is domiciled in Mississippi and to show that she never ceased being a citizen of Arkansas. (ECF No. 21, at 5).

In reply, Separate Defendant contends that she has now worked and lived in Mississippi since 2021. (ECF No. 22, at 4). Separate Defendant notes that her driver's license was issued in 2019 and does not expire until 2027. (ECF No. 22, at 4). Separate Defendant argues that "[l]ike many young people" she had not registered to vote in Mississippi but this fact "pales in comparison" to her residence and full-time employment in Mississippi. (ECF No. 22, at 4). Separate Defendant also notes that her resume reflects her full-time employment in Mississippi at the time of the incident and states that she is currently employed in Mississippi. (ECF No. 22, at 5). Separate Defendant argues that even if her resume showed an Austin, Texas zip code, it would be proof that she had no intention of returning to Arkansas. (ECF No. 22, at 5).

In sur-reply, Plaintiff argues that because a person's driver's license lists a particular address does not mean it must then be used on all future documents. (ECF No. 23, at 2). Plaintiff also argues that Separate Defendant has failed to offer any objective evidence to establish that she intended to abandon her domicile in Arkansas and her sole evidence is her "self-serving" affidavit. (ECF No. 23, at 2).

---

[2] The Court notes that the website—https://www.cameronneal.com/about—can no longer be accessed as of February 3, 2025.

Relying on *Daimler AG*, 571 U.S. at 137 ("paradigm forum for the exercise of general jurisdiction is the individual's *domicile*") (emphasizes added), Plaintiff's overall argument appears to be that the Court has general jurisdiction over Separate Defendant because she never ceased to be domiciled in Arkansas.[3] This in essence creates a situation where the Court must borrow the standard for domicile from diversity jurisdiction to determine whether Separate Defendant was domiciled in Arkansas or Mississippi at the time this action was filed. "To establish domicile, an individual must both be physically present in the state and have the intent to make [the individual's] home there indefinitely." *Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir. 1990). "[T]he fact that one has a residence in a state does not make that person a domiciliary of that state." *Blattner Energy, Inc. v. Jones*, No. 19-CV-2681 (WMW/LIB), 2020 WL 2848181, at *4 (D. Minn. June 2, 2020) (citation omitted). "[T]here is a presumption in favor of an original or former domicile as opposed to an acquired one." *H.B. Fuller Co. v. BRTT, Inc.*, No. CIV. 08-295 DWF/AJB, 2008 WL 1924182, at *3 (D. Minn. Apr. 29, 2008) (citing *Coggins v. Carpenter*, 468 F. Supp. 270, 277 (E.D. Pa. 1979)). "Objective factors instruct [a court's] determination of a litigant's intent; those factors include "declarations, exercise of civil and political rights, payment of taxes, obtaining of licenses, location of business or occupation, and ownership of property." *Wagstaff & Cartmell, LLP v. Lewis*, 40 F.4th 830, 839-40 (8th Cir. 2022) (internal quotations omitted) (citing *Yeldell*, 913 F.2d at 537). "A litigant's self-serving statements of intention are entitled to little weight when in conflict with facts." *Id*. (internal quotations omitted).

The Court must now weigh the objective evidence to determine Separate Defendant's domicile. Separate Defendant's resume shows that she maintained employment in Oxford, Mississippi, until at least May 2024. Further, Separate Defendant has submitted an affidavit that

---

[3]The Court notes that domicile is synonymous with citizenship, not residence. *See Eckerberg v. Inter-State Studio & Publ'g Co.*, 860 F.3d 1079, 1084 (8th Cir. 2017).

7

her permanent place of residence is Oxford, Mississippi. However, domicile is not completely synonymous with residence, and an individual can reside in one place but be domiciled in another. *See Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48, 109 S. Ct. 1597, 1609, 104 L. Ed. 2d 29 (1989). Plaintiff has presented objective evidence that—at the time this action was filed—Separate Defendant: (1) had only registered to vote in Arkansas; (2) still possessed an Arkansas driver's license; (3) received a speeding ticket on February 28, 2024, that provided an Arkansas address; (4) listed an Arkansas address on her lease for the Bronco; (5) had a website stating that she was based in Austin, Texas; and (6) listed an Austin, Texas zip code as the address on her resume. There is a presumption in favor of Arkansas as Separate Defendant's original domicile and the objective evidence presented to the Court supports a lack of intent to remain indefinitely in Mississippi. To contest Plaintiff's objective evidence, Separate Defendant argues that her driver's license does not expire until 2027, that "like many young people" she has not registered to vote within several years of graduating, and her driver's license is the likely source of the address on certain documents. However, the Court finds these unsupported arguments unpersuasive when compared to the objective evidence that Plaintiff has presented. Separate Defendant has failed to show that she has taken the routine steps associated with integrating with a new domicile. Thus, the Court finds that Separate Defendant was still domiciled in Arkansas at the time the instant action was brought.

When viewing the facts in the light most favorable to the nonmoving party as the Court is required to do, the Court finds that Plaintiff has presented a *prima facie* showing of jurisdiction and presented a reasonable inference that Separate Defendant is subject to general jurisdiction in this forum. *See Daimler AG*, at 571 U.S. at 137 ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile"). Further, the Court declines to decide

8

at this time if specific or conspiracy jurisdiction are appropriate because a *prima facie* case of general jurisdiction has been established.[4]

## IV. CONCLUSION

For the reasons stated above, the Court finds that Separate Defendant's Motion to Dismiss (ECF No. 19) should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 31st day of March, 2025.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[4]The Court notes that because Plaintiff has presented a *prima facie* case that Separate Defendant is domiciled in Arkansas at the time of filing, all three Defendants would now be domiciled in Arkansas and venue is proper. *See* 28 U.S.C. § 1391(c)(1) ("A natural person . . . shall be deemed to reside in the judicial district in which that person is domiciled."). Thus, the Court will not address Separate Defendant's alternative venue argument.